**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD RICHARD CHILDS, II,           )<br>                                                            )<br>                      Plaintiff,           )<br>        vs.                                            )<br>                                                            )<br>EXTRA SPACE STORAGE, INC.,     )<br>                                                            )<br>                      Defendant.        )<br>                                                            ) | Case No.: 2:16-cv-01746-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Set Aside Default, (ECF No. 5), filed by Defendant Extra Space Storage, Inc. ("Defendant"). Pro se Plaintiff Donald Richard Childs, II ("Plaintiff")[1] filed a Response, (ECF No. 7), and Defendant filed a Reply, (ECF No. 11).

Also pending before the Court is Plaintiff's Motion for Judgment on the Pleadings, (ECF No. 17). Defendant filed a Response, (ECF No. 20), and Plaintiff filed a Reply, (ECF No. 24). For the reasons discussed below, the Court GRANTS Defendant's Motion to Set Aside Default and DENIES Plaintiff's Motion for Judgment on the Pleadings.

**I.     BACKGROUND**

On June 21, 2016, Plaintiff filed his Complaint in state court alleging that Defendant violated various federal statutes as well as the Thirteenth and Fourteenth Amendments of the United States Constitution. (Ex. A to Not. of Removal ("Compl"), ECF No. 1-1). Specifically, Plaintiff alleges that Defendant issued him a Non-Renewal of Lease Notification, declining to renew Plaintiff's Lease on a storage unit owned by Defendant. (*Id.* ¶ 4). Although the facts associated with Plaintiff's claims are sparse, Plaintiff appears to contend that Defendant's

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

conduct was motivated by a discriminatory animus on the basis of his disability and race. (*See generally id.*).

On June 28, 2016, Plaintiff served Defendant with the Complaint. (*See* Ex. C to Mot. to Set Aside, ECF No. 5-3). Defendant did not file an answer, and the state court clerk entered default against it on July 20, 2016. (*See* Ex. B to Mot. to Set Aside, ECF No. 5-2). On July 22, 2016, Defendant removed the case to this Court. (*See* Not. of Removal, ECF No. 1). Defendant now moves to set aside default, and Plaintiff seeks a judgment on the pleadings.

## II.   DISCUSSION

Although default was entered in state court, the Federal Rules of Civil Procedure govern the setting aside of a default subsequent to removal. *See Butner v. Neustadter*, 324 F.2d 783, 785–86 (9th Cir. 1963). "Prior to a default judgment being entered, a default under Rule 55(a) can be set aside by the district court for 'good cause.'" *Aristocrat Tech., Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1232 (D. Nev. 2009) (citing Fed. R. Civ. P. 55(c)). The Court's discretion is especially broad when an entry of default, as opposed to a default judgment, is being set aside. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Id.* (quoting *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)). "[T]he district court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and, (3) the defendant's culpable conduct led to the default." *Id.*

The Court finds that default against Defendant should be set aside. First, given the policy favoring judgment on the merits, Plaintiff would not be prejudiced at this early stage of the litigation by the setting aside of the default. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Second, particularly in light of the scant facts alleged in the Complaint, Defendant has

meritorious arguments; namely, that it issued the Non-Renewal to Plaintiff not because of Plaintiff's race or disability, but rather because Plaintiff failed to "us[e] the front gate as instructed" and "utilize[ed] the storage space as a residence, against Nevada law." (Mot. to Set Aside 4:14–16, ECF No. 5).  Finally, Defendant's minor delay is excused by its prompt response filed within one day of receiving Plaintiff's Notice of Intent to Enter Default. (*Id.* 5:3–10).  There is no indication that the delay resulted from culpable conduct on the part of Defendant.

Turning to Plaintiff's Motion for Judgment on the Pleadings, Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The pleadings are closed when all required pleadings have been served and filed. *Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed."); *see* Fed. R. Civ. P. 7(a) (listing pleadings).  Defendant has not yet filed its answer in this action.  Thus, the pleadings are not closed and Plaintiff's Motion is premature. *See Doe*, 419 F.3d at 1061–62 (holding that a motion for judgment on the pleadings filed before any answer "was premature and should have been denied").  The Court therefore DENIES Plaintiff's Motion for Judgment on the Pleadings without prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**III.     CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Default, (ECF No. 5), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the Pleadings, (ECF No. 17), is **DENIED without prejudice**.

**DATED** this __23__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge